UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Matchroom Boxing Limited; and
Edward John Hearn,

        *Plaintiffs*, and

Glenn Feldman,

        *Proposed Plaintiff-Intervenor*

— against —

Jake Paul,
        *Defendant*.
-------------------------------------------------------X

Civil Action No.: 1:22-cv-08178-PGG

**NOTICE OF MOTION TO INTERVENE**

      **PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, the Declaration of Frank Salzano, Esq. and the exhibits thereto, Proposed Plaintiff-Intervenor, Glenn Feldman ("Feldman"), will move this Court before the Honorable Paul G. Gardephe, United States District Judge, on a date and time to be determined by the Court, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007, Courtroom 705, for an Order pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, Federal Rule of Civil Procedure 24(b)(1)(b), permitting Feldman to intervene as a plaintiff in the above-captioned action, and for such other and further relief as this Court deems just and proper.

Dated: October 24, 2022

                                                SALZANO, LAMPERT & WILSON, LLP

                              By:   */s/ Frank Salzano*
                                                Frank Salzano, Esq.
                                                Jason Lampert, Esq.
                                                275 Madison Ave., Floor 35

2

New York, New York 10016
Tel: (646) 863-1883
Fax: (646) 365-3119
fsalzano@slwlawoffices.com

John L. Laudati, Esq. (*pro hac vice forthcoming*)
MURPHY, LAUDATI, KIEL, & RATTIGAN, LLC
4 E. Granby Rd., P.O. Box 93
Granby, Connecticut 06035
Tel: (860) 674-8269, ext. 102
Fax: (860) 413-9504
JLaudati@mlkrlaw.com

*Attorneys for Glenn Feldman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
Matchroom Boxing Limited; and
Edward John Hearn,

      *Plaintiffs*, and

Glenn Feldman,

      *Proposed Plaintiff-Intervenor*

  — against —


Jake Paul,
      *Defendant*.
---------------------------------------------------------X

Civil Action No.: 1:22-cv-08178-PGG

## MEMORANDUM OF LAW IN SUPPORT OF
## GLENN FELDMAN'S MOTION TO INTERVENE

SALZANO, LAMPERT & WILSON, LLP

By:   */s/ Frank Salzano*

Frank Salzano, Esq.
Jason Lampert, Esq.
275 Madison Ave., Floor 35
New York, New York 10016
Tel: (646) 863-1883
Fax: (646) 365-3119
fsalzano@slwlawoffices.com

John L. Laudati, Esq.
(*pro hac vice forthcoming*)
MURPHY, LAUDATI, KIEL, &
RATTIGAN, LLC
4 E. Granby Rd., P.O. Box 93
Granby, Connecticut 06035
Tel: (860) 674-8269, ext. 102
Fax: (860) 413-9504
JLaudati@mlkrlaw.com

Dated: October 24, 2022                           *Attorneys for Glenn Feldman*

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 3

PRELIMINARY STATEMENT ............................................................................................. 4

FACTUAL BACKGROUND .................................................................................................. 5

ARGUMENT ............................................................................................................................ 7

    I.      Feldman Should be Permitted to Intervene As of Right Pursuant to Federal Rule of Civil Procedure 24(a) ............................................................................................... 7

          A.    Feldman's Motion Is Timely ............................................................................... 7

          B.    Feldman Has A Substantial Legal Interest In This Case .................................... 8

          C.    Feldman's Strong Interest May Be Impaired Or Impeded By The Disposition Of This Case ............................................................................................................ 9

          D.    Feldman's Interest Is Not Adequately Represented By The Existing Parties ................. 9

    II.     In the Alternative, Permissive Intervention of Feldman Is Proper Under the Circumstances ................................................................................................... 11

CONCLUSION ...................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

*Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129, 131 (2d Cir. 2001) .................................8, 10

*Chance v. Board of Education*, 496 F.2d 820, 826 (2d Cir. 1974)................................................10

*D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir.2001 ..............................................................7

*Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043 44 (2d Cir.1988) ..............................................................................................................................8

*Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005).............................7

*Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 68 (2d Cir. 2016)..........................................8

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 385 (2d Cir. 2006) ..........................8

*Oneida Indian Nation of Wisconsin v. State of N.Y.*, 732 F.2d 261, 265-66 (2d Cir. 1984) ...........9

*Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir.198) ........................................................................................................................................................8

*Rios v. Enterprise Association Steamfitters Local Union # 638*, 520 F.2d 352, 355 (2d Cir. 1975 ......................................................................................................................................................10

*S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 CIV.2937 WHP, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003) ...............................................................................................................................11

*Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 359 (S.D.N.Y. 2018).......................................8

*U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d. Cir. 1994).............................................................11

*United States Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978)...............................7, 10

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) .8, 10

**STATUTES & RULES**

28 U.S.C. § 1332 ..............................................................................................................................5

FRCP 16 ...........................................................................................................................................8

FRCP 24(a)..............................................................................................................................7, 8, 11

FRCP 24(b).....................................................................................................................................11

FRCP 24(b)(2 .................................................................................................................................11

**OTHER AUTHORITIES**

7C Charles Alan Wright, et al., Federal Practice and Procedure § 1909 (3d ed. 2019) ................10

## PRELIMINARY STATEMENT

For ten years longer than Defendant has been alive, Proposed Plaintiff-Intervenor, Glenn Feldman ("Feldman"), has been building a career, and establishing a reputation, as one of the premier judges in the sport of professional boxing, having been selected by boxing commissions across the globe[1] to score some of the biggest bouts the sport has had to offer.[2] Feldman has been a guest presenter at boxing judge seminars held by the Nevada and New York Athletic Commissions, and the World Boxing Organization, World Boxing Association, and the International Boxing Federation— three of the four major sanctioning bodies in professional boxing. Like Plaintiffs—professional boxing promoters Matchroom Boxing Limited and Eddie Hearn (collectively, "Matchroom")—Feldman is widely-recognized and respected in the boxing industry for his unyielding integrity.

Defendant, Jake Paul ("Defendant" or "Paul") on the other hand, who just recently entered the sport of professional boxing as both a fighter and promoter, gained fame and notoriety through social media, taking advantage of the ability to speak his mind unfiltered to his millions of followers across the various social media networks; openly trash talking his competitors and opponents; and seemingly enjoying playing the role of "villain" in the eyes of the public. And while Defendant's playful banter is typically disregarded and/or laughed off as just that, his baseless accusations of corruption by Feldman and Matchroom, as outlined herein, rise far above

---

[1] Contrary to statements made by Defendant in the video interview at the heart of this case, it is the applicable boxing commission for a boxing event—not the promoter of the event—who chooses the judges. *See* ECF #6, at ¶¶ 9, 49-50.

[2] For example, Feldman judged (i) the welterweight title fight between Floyd Mayweather and Manny Pacquaio in Las Vegas in 2015; (ii) the second middleweight title fight between Canelo Álvarez and Gennady Golovkin in Las Vegas in 2018; (iii) the second heavyweight title fight between Anthony Joshua and Andy Ruiz Jr. in Riyad, Saudi Arabia in 2019; and (iv) the second heavyweight title fight between Tyson Fury and Deontay Wilder in Las Vegas in 2020.

playful banter; have caused and will continue to cause significant damage to the reputations that Feldman and Matchroom have spent years building in the boxing industry, and thus, constitute defamation. Simply put, Defendant must be held accountable for his malicious conduct.

Considering Feldman's unequivocal interest in the outcome of this case due to the similar facts, evidence, and legal arguments relevant to both Feldman and Matchroom's claims against Defendant, and the undeniable possibility that Feldman's legal rights may be impaired or impeded by decisions made in, as well as the ultimate resolution of, this case, Feldman respectfully requests that this Court grant this Motion, and permit Feldman to intervene into this lawsuit against Defendant, which was originally commenced by Matchroom on September 23, 2022. *See* ECF #1.

## FACTUAL BACKGROUND

Between 1992 and present day, Feldman, a resident of the state of Connecticut,[3] who was inducted into the Connecticut Boxing Hall of Fame in 2011, has scored over 1200 bouts around the world (*see* note 2, *supra*). *See* Exhibit B, Glenn Feldman BoxRec Page.[4] Two of the most recent bouts Feldman has scored were the August 2022 bout between Oleksandr Usyk ("Usyk") and Anthony Joshua ("Joshua") in Saudi Arabia, and the April 2022 bout between Katie Taylor ("Taylor") and Amanda Serrano ("Serrano") at Madison Square Garden in New York, New York. Notably, Matchroom promotes Joshua, and was the sole promoter of the Usyk-Joshua bout, which Usyk won by split-decision; and Matchroom and Defendant's boxing promotional company, Most

---

[3] Because Feldman is a resident of the state of Connecticut, permitting him to intervene would have no effect on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[4] Despite Exhibit B only showing the first page of Feldman's BoxRec page, the complete page can be found at the following link: https://boxrec.com/en/judge/400935.

Valuable Promotions, co-promoted the Taylor-Serrano bout, with Matchroom promoting Taylor, and Defendant and his company promoting Serrano.[5] *See Id.; see also* ECF #6 at ¶¶ 6, 25, 43, 52. Despite being dubbed by many as "the fight of the year," Serrano ultimately lost the bout to Taylor by split-decision. *See* ECF #6 at ¶ 9, 52.

Not long after the Usyk-Joshua bout, Defendant appeared in an interview, which was published by iFL TV, in which he stated—definitively—that "clearly this guy," i.e., Feldman, "is getting paid money by Matchroom Boxing … it's just blatantly obvious and they're not even trying to hide it." *See* ECF #6, at ¶ 7, 31 and Exhibit A. Importantly, there was nothing implicit whatsoever about Defendant's statement, with Defendant himself describing it as a "bold statement an accusation that I don't take lightly." *Id*. at ¶¶ 7, 8, 34 and Exhibit A. Within hours of Defendant's false statements being published, the media and social media frenzy had already begun, with media outlets referring to Defendant's statements as "EXTREMELY STRONG," as well as "stark and targeted" at Feldman and Matchroom. *Id*. at ¶¶ 12, 41, 43.

Upon being notified of Defendant's false statements being published, representatives for Matchroom contacted Defendant's agent in a good faith attempt to amicably resolve the situation, and asked simply that Defendant retract, and admit the untruthfulness, of his statements. *Id*. at ¶ 15. Instead, Defendant doubled-down on his outrageous statements by refusing to do so. *Id.* To protect their good name, and ensure Defendant was held accountable for his malicious actions, Matchroom was left with no choice but to commence litigation against Defendant, which they did by filing a complaint for defamation on September 23, 2022. *See* ECF #1. Aside from the filing of Matchroom's complaint and requisite initiating documents, and a stipulation regarding Defendant

---

[5] Feldman scored the Usyk-Joshua bout 115-113 in favor of Joshua, and scored the Taylor-Serrano bout 97-93 in favor of Taylor. *Id*.

6

accepting service and having until November 29, 2022 to answer or otherwise respond to Matchroom's complaint, *see* ECF #12, nothing else has occurred in the case thus far.

**ARGUMENT**

I. **Feldman Should be Permitted to Intervene As of Right Pursuant to Federal Rule of Civil Procedure 24(a).**

For intervention as of right under FRCP 24(a), the proposed intervenor must: "'(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.'" *Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005) (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir.2001)).[6]

A. **Feldman's Motion Is Timely**

In assessing whether a motion to intervene is timely, courts evaluate the totality of the circumstances, considering factors such as "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* at 98 (citing *D'Amato*, 236 F.3d at 84) (citing and quoting *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043–44 (2d Cir.1988)) (internal citations omitted). Without question, each of the above factors weigh heavily in favor of permitting Feldman to intervene in this case. Most importantly, this Motion is being filed approximately thirty (30) days after Defendant's statements were published and this

---

[6] As the *Hoblock* court explained, "there is no Article III standing requirement in the Second Circuit, with an intervenor only needing to meet the Rule 24(a) requirements and have an interest in the litigation, if there is already a case or controversy in existence between the original parties to the litigation who have standing." *Hoblack*, at 97 (citing *United States Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978)) (internal citations omitted).

case was originally commenced by Matchroom; more than thirty-five (35) days before Defendant is required to answer or otherwise respond to Matchroom's complaint; and more than fifty (50) days before the scheduled FRCP 16 initial pretrial conference. No discovery has taken place, no motion practice has occurred, and thus, Defendant cannot possibly argue that he will be prejudiced by Feldman's intervention.

### B. Feldman Has A Substantial Legal Interest In This Case

Rule 24(a) next requires a prospective intervenor to show a "direct, substantial, and legally protectible" interest "relating to the property or transaction that is subject of the action." *Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 359 (S.D.N.Y. 2018) (citing *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 68 (2d Cir. 2016) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) and *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 385 (2d Cir. 2006)). A direct interest, which satisfies the second element of Rule 24(a), is easily distinguishable from an interest that is "remote," "speculative," or "contingent upon the occurrence of a sequence of events." *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129, 131 (2d Cir. 2001) (citing, among other cases, *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir.1984) ("[S]uch an interest must be direct, as opposed to remote or contingent.")).

Feldman, like Matchroom, has a substantial interest in protecting his reputation from false and malicious statements such as the statements made by Defendant. The interest Feldman has in this case is neither remote nor speculative, but is directly tied to the subject of this case, i.e., Defendant's defamatory statements, which call into question Feldman's integrity and objectivity––both essential qualities for boxing judges to possess—and therefore are likely to have a significant impact on Feldman's livelihood moving forward, in addition to the impact already felt by Feldman

to date. For example, from the date of Defendant's defamatory statements up to the filing of this motion, Feldman has not received one request to serve as a boxing judge. Accordingly, Feldman's interest in this case is, indisputably, direct, significant, and legally protectible.

### C. Feldman's Strong Interest May Be Impaired Or Impeded By The Disposition Of This Case

As the Second Circuit reasoned in remanding to permit intervention in *Oneida Indian Nation of Wisconsin v. State of N.Y.*, 732 F.2d 261, 265-66 (2d Cir. 1984), when there is "a significant likelihood that the ultimate resolution of [a case] will lead to … conclusions of law on issues of first impression, or mixed findings of fact and law, which will implicate principles of *stare decisis*" or when such resolution could potentially result in inconsistent rulings if the intervenor is required to bring a separate suit, the intervenors "interests will be impaired or impeded," and intervention should be permitted. *See id*.

There is no question that findings of fact and conclusions of law made by this Court would be utilized, and likely play a significant role, in a separate, inextricably intertwined suit filed by Feldman concerning the same defamatory statements of Defendant. Furthermore, a resolution of this case without Feldman has the potential to result in inconsistent rulings on issues of importance, and therefore has the potential to impair or impede Feldman's direct and significant interest in this case.

### D. Feldman's Interest Is Not Adequately Represented By The Existing Parties

Courts will typically find that representation is inadequate, and permit intervention, unless the interest of an existing party is "so similar" to that of the prospective intervenor that "adequacy of representation [i]s assured." *Brennan*, 260 F.3d at 133 (citing *Washington Elec.* 92 F.2d at 98); 7C Charles Alan Wright, et al., Federal Practice and Procedure § 1909 (3d ed. 2019) (an applicant ordinarily should be permitted to intervene as of right "unless it is clear that [another] party will

9

provide adequate representation for the absentee."). Although a presumption of adequacy attaches when two parties—i.e., an existing party and the proposed intervenor—have the same ultimate objective, such presumption is certainly rebuttable, and the factors to be assessed are "within the sound discretion of the district court." *See U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (citing *Rios v. Enterprise Association Steamfitters Local Union # 638*, 520 F.2d 352, 355 (2d Cir. 1975) and *Chance v. Board of Education*, 496 F.2d 820, 826 (2d Cir. 1974)).

Whereas Matchroom is an international company with equity holders and business relationships to consider when making determinations as to significant aspects of this case, such as litigation strategy and weighing settlement opportunities, Feldman's interest in this case is strictly personal and professional vis-à-vis his ability to continue serving as a boxing judge and at the caliber of events that he has been working for over three decades due to his longstanding and strong reputation. Nothing short of a judgment in his favor, and a declaration that Defendant's statements were, in fact, false and defamatory, is acceptable to Feldman. The undeniable truth is that Feldman's reputation, his integrity, and critically, his ability to continue his thirty (30) year, career as a boxing judge, is directly tethered to his claims against Defendant, and the ultimate disposition of this case. As such, although Matchroom and Feldman have the same objective, i.e., to prove that Defendant's statements were false and defamatory, there exists a divergence in the parties' interests, and Matchroom's adequate representation of Feldman undoubtedly cannot be assured.

In sum, (1) this Motion is timely, (2) Feldman has a strong interest in this case, (3) which interest may be impaired or impeded by the disposition of this case in his absence, and (4) no other party to this case can adequately represent Feldman's significant interest. Therefore, pursuant to FRCP 24(a), Feldman should be permitted to intervene into this case as of right.

## II. In the Alternative, Permissive Intervention of Feldman Is Proper Under the Circumstances.

Assuming *arguendo* that this Court does not permit Feldman to intervene as a matter of right, Feldman respectfully requests that this Court allow him to permissively intervene pursuant to FRCP 24(b). When "there is a strong commonality of fact or law," and intervention would not "cause undue delay, complexity, or confusion in a case," the Court, within its broad discretion, should allow for permissive intervention. Cf. *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 CIV.2937 WHP, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003) (internal citations omitted). As the Second Circuit stated in *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d. Cir. 1994), "[t]he principal guide in deciding whether to grant permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* (citing FRCP 24(b)(2)).

As explained above, there is a strong commonality of facts between Feldman and Matchroom. Namely, both were defamed by Defendant's malicious and false claims from statements that Defendant made on or around September 20, 2022. There likewise is a strong commonality of law, as both Feldman and Matchroom allege one count of defamation against Defendant. Furthermore, this Motion is being filed approximately thirty (30) days after Defendant's statements were published and this case was originally commenced by Matchroom; more than thirty-five (35) days before Defendant is required to answer or otherwise respond to Matchroom's complaint; and before any discovery or motion practice has occurred. It would therefore be seemingly impossible for this Court to find, or for either party to this case to contend, that allowing Feldman to intervene would result in prejudice or any undue delay whatsoever. Thus, permissive intervention is appropriate under the circumstances present here.

## CONCLUSION

Based on the foregoing, Feldman respectfully requests that this Court grant this Motion and, whether as of right or permissively, permit Feldman to intervene into this case.

Dated:  New York, New York
        October 24, 2022

                                        SALZANO, LAMPERT & WILSON, LLP

                                By:     /s/ Frank Salzano
                                        ─────────────────────────
                                        Frank Salzano, Esq.
                                        Jason Lampert, Esq.
                                        275 Madison Ave., Floor 35
                                        New York, New York 10016
                                        Tel: (646) 863-1883
                                        Fax: (646) 365-3119
                                        fsalzano@slwlawoffices.com

                                        John L. Laudati, Esq.
                                        (*pro hac vice forthcoming*)
                                        MURPHY, LAUDATI, KIEL, &
                                        RATTIGAN, LLC
                                        4 E. Granby Rd., P.O. Box 93
                                        Granby, Connecticut 06035
                                        Tel: (860) 674-8269, ext. 102
                                        Fax: (860) 413-9504
                                        JLaudati@mlkrlaw.com

                                        *Attorneys for Glenn Feldman*