

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (646) 539-3570
kaf@msf-law.com

November 28, 2022

<u>Via ECF</u>
Hon. Paul. G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Matchroom Boxing Limited et al. v. Jake Paul,* No. 7:22-cv-08178-PGG

Dear Judge Gardephe:

As counsel for defendant Jake Paul ("Defendant"), and in accordance with Rule IV(A) of Your Honor's Individual Rules of Practice, we respectfully request a pre-motion conference in connection with Defendant's motion: (a) to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2); and (b) to dismiss for improper venue pursuant to FRCP 12(b)(3) (the "Motion").

Defendant does not oppose proposed plaintiff Glenn Feldman's motion to intervene (Dkt. 14), and thus the contemplated Motion is applicable to plaintiffs Matchroom Boxing Limited ("Matchroom") and Edward John Hearn's Complaint (Dkt. 6) as well as Mr. Feldman's Proposed Complaint in Intervention (Dkt. 14-1) (collectively, the "Complaints"). The Motion is not on consent.

**Nature of the Action**

The Complaints allege that, on September 20, 2022, Defendant stated that Mr. Feldman, a boxing judge, "is getting paid money by Matchroom" to score two prior matches – an April 2022 bout between Katie Taylor and Amanda Serrano in New York; and (2) an August 2022 bout between Oleksandr Usyk and Anthony Joshua in Saudi Arabia – in favor of boxers Joshua and Taylor, for which Matchroom serves as promoter. (Dkt. 6, ¶¶ 6 – 7; Dkt. 14-1, ¶¶ 7 – 8). The Complaints further allege that the purported statements were false, and each assert one claim for defamation.

According to the Complaints, Matchroom is a United Kingdom private limited company, Mr. Hearn is the chairman of Matchroom and resides in England, Defendant is a boxer and boxing promoter who resides in Puerto Rico (Dkt. 6, ¶¶ 21 – 24), and Mr. Feldman resides in Connecticut. (Dkt. 14-1, ¶ 24). The Complaints do not allege that Defendant made the statements from New York.

Hon. Paul. Gardephe
Page 2
November 28, 2022

**The Court Lacks Personal Jurisdiction Over Defendant**

The Complaints allege that CPLR Section 302(a)(1) provides a basis for the Court to assert specific jurisdiction over Defendant because he purportedly "transacted business in New York as the co-promoter of the Taylor-Serrano bout, which was held at Madison Square Garden in Manhattan and is one of the two bouts" that was the subject of his comments. (Dkt. 6, ¶ 19; Dkt. 14-1, ¶ 22).

"To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'arises from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).

"New York courts construe "transacts any business within the state" more narrowly in defamation cases than they do in the context of other sorts of litigation." *Id.* at 248. New York courts exercise personal jurisdiction where the defendant's out-of-state conduct "involved defamatory statements projected into New York …, but only where the conduct also included something more." *Id.* at 249.

As for the second prong, a cause of action arises from "a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* at 246 (quoting *Henderson v. INS,* 157 F.3d 106, 123 (2d Cir. 1998)).

Here, as will be established in the Motion, Defendant did not promote the Taylor-Serrano bout in his personal capacity, but rather as a representative of non-party Most Valuable Productions LLC, which was formed, and maintains an office, in Puerto Rico. However, even if the Court considers Defendant's contacts with New York undertaken in a corporate capacity, "brief visits" to New York, without more, do not qualify as business transactions substantial enough to form the basis of specific jurisdiction in defamation cases. *Giannetta v. Johnson*, No. 20-cv-9016, 2021 WL 2593305, at *8 (S.D.N.Y. June 24, 2021).

Furthermore, the alleged nexus between Defendant's out-of-state comments in September 2022 and his brief presence in New York in April 2022 (five months earlier) is too attenuated for long-arm jurisdiction purposes. *See Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827, 829 (1988)(defendant daughter's attendance at New York college over two years prior to allegedly defamatory statements made from California, relating to description of conduct observed by daughter while in New York, was insufficient to establish required nexus between purposeful activity in New York and cause of action); *Kingstown Cap. Mgmt. L.P. v. CPI Prop. Group, S.A.*, 205 A.D.3d 467, 468 (1st Dep't 2022)(plaintiffs failed to demonstrate articulable nexus between defendants' New York activities (including issuing a press release that reached New York and that criticized plaintiffs for filing an action in the SDNY) and the defamation claim); *Copp v. Ramirez*, 62 A.D.3d 23, 29 (1st Dep't 2009)(affirming dismissal for lack of personal jurisdiction because statements made in New Mexico to New York reporters concerning plaintiff's rescue efforts at Ground Zero in New York that defendants observed during a few days, three years earlier, was "too attenuated" to be substantially related to defamation claim).

Case 1:22-cv-08178-PGG   Document 16   Filed 11/28/22   Page 3 of 4

Hon. Paul. Gardephe
Page 3
November 28, 2022

As for Defendant's comments concerning the other boxing match, Usyk-Joshua, the Complaints allege that bout occurred in *Saudi Arabia*. (Dkt. 6, ¶ 6; Dkt. 14-1, ¶ 7). The Complaints do not allege that Defendant was the promoter for either of those boxers or that Defendant did anything in New York with respect to that match. "New York courts have found 'that they lacked jurisdiction over out-of-state defendants accused of having uttered defamatory falsehoods where the defamation claim did not arise from the defendants' specific business transactions in New York.'" *Giannetta*, 2021 WL 2593305, at *8 (quoting *Best Van Lines*, 490 F.3d at 249–50). There is no substantial relationship between Defendant's alleged conduct in New York and the claims pertaining to his comments about a bout held in Saudi Arabia. Therefore, at a minimum, the Court lacks personal jurisdiction over that portion of the defamation claim pertaining to that boxing match.

### **Venue is Improper in this District**

While pending personal jurisdiction challenges are generally resolved first, the Court has the discretion to dismiss on venue grounds without sorting through a more complex jurisdictional dispute. *United States ex rel. Donohue v. Carranza*, 585 F. Supp.3d 383, 386 (S.D.N.Y. 2022) (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979)).

Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought ..., any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(28 U.S.C. § 1391(b)). The Complaints do not allege that Defendant resides in New York, but rather acknowledge that he resides in Puerto Rico. (Dkt. 6, ¶ 23; Dkt. 14-1, ¶ 25).

The Complaints fail to allege that a substantial part of the events or omission giving rise to the claims occurred in this District. Instead, the Complaints merely allege that "Defendant's [purportedly] defamatory statements reached this District" and "Defendant has minimum contacts with this District" due to his alleged "co-promotion of the Taylor-Serrano fight" which occurred at Madison Square Garden weeks before the statements at issue. (Dkt. 6, ¶ 20; Dkt. 14-1, ¶ 23).

It is "the acts of Defendants, not the activities of or harm to Plaintiff, [which] determine where venue properly lies." *Ne. Landscape & Masonry Assocs., Inc. v. State of Connecticut Dep't of Labor*, No. 14-cv-9104, 2015 WL 8492755, at *4 (S.D.N.Y. Dec. 10, 2015) (collecting cases). The U.S. Supreme Court has advised that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy*, 443 U.S. at 183 – 84 (emphasis in original). The Complaints do not allege that Defendant's purportedly defamatory statement were made in New York. Furthermore, as part of the Motion, Defendant intends to submit a declaration confirming that he was physically located in Puerto Rico

when he made the statements at issue. *See*, *e.g.*, *Greenblatt v. Gluck*, 265 F. Supp.2d 346, 352 (S.D.N.Y. 2003)(venue improper where allegedly defamatory statements made outside of New York peripherally involve plaintiff's New York business).

Venue is also improper under Section 1391(b)(3) because there exists a different district in which this suit can properly be brought – the District of Puerto Rico in which Defendant resides.

Therefore, the Complaints should be dismissed for improper venue.

For the foregoing reasons, Defendant respectfully requests a pre-motion conference.

Respectfully submitted,

*/s/ Kevin Fritz*
Kevin Fritz, Esq.

Cc:   All Counsel of Record (via ECF)