

275 Madison Ave., 35th FL
New York, NY 10016
selwlaw.com
646.863.1883 P
646.365.3119 F

December 8, 2022

**VIA CM/ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

        Re: **Matchroom Boxing Limited, et al v. Jake Paul; Case No. 1:22-cv-08178-PGG**

Your Honor:

      Plaintiffs, Matchroom Boxing Limited ("Matchroom") and Edward John Hearn ("Hearn")(collectively "Plaintiffs"), and Defendant Jake Paul ("Paul") (collectively the "Parties"), respectfully submit the following joint letter and Civil Case Management Plan and Scheduling Order pursuant to Your Honor's individual rules and practices, and in light of the Parties' initial pretrial conference scheduled for December 15, 2022 at 11:00 a.m. Paul expressly reserves, and does not waive, his defenses that the Court lacks personal jurisdiction, and that venue is improper in this District, and is submitting this letter and the accompanying Civil Case Management Plan and Scheduling Order to comply with Your Honor's individual rules and practices.

**Plaintiffs' Statement of the Case**

      On or about September 20, 2022, Defendant Paul made defamatory statements regarding Plaintiffs' Matchroom and Hearn, stating that Matchroom and Hearn bribed longtime boxing judge Glenn Feldman ("Feldman") to score two boxing matches in favor of fighters whom Matchroom promotes. The fights subject to the defamatory remarks were (1) Katie Taylor ("Taylor") vs. Amanda Serrano ("Serrano"), which occurred at Madison Square Garden in April of 2022, and (2) Oleksandr Usyk ("Usyk") vs. Anthony Joshua ("Joshua"), which occurred in Saudi Arabia on August 20, 2022.

      Importantly, Matchroom and Hearn were the promoters for Taylor, who came out victorious, as well as for Joshua, who suffered defeat. Feldman was one of three judges for each of those boxing matches. Paul, on the other hand, and his boxing promotional company, Most Valuable Promotions, LLC ("MVP"), promote Serrano and, along with Matchroom, were the co-promoters of, an earned a profit-share from, Taylor-Serrano, pursuant to a Co-Promotion Agreement between Matchroom's New York-based subsidiary, Matchroom Boxing USA, LLC, on one hand, and MVP on the other.

      Paul's statements, which were highly-publicized due, in large part, to his notoriety and vast social media following, were first published online by iFL.tv, and then subsequently re-published and replayed by several news outlets throughout the world, as well as being shared and republished on countless social media pages. Specifically, Paul stated, in pertinent part, as follows:



> I still think Amanda Serrano won the fight … And then you see this judge   Glenn Feldman, who had the biggest gap between Serrano and Taylor. Pretty much everyone though it was a draw… or Amanda won … But there's this judge Glenn Feldman who scored it such a big gap for Taylor, gave rounds that Amanda clearly won, to Taylor.
>
> Then this judge, Glenn Feldman, shows up in Saudi and scores Anthony Joshua to win the fight when everyone watched the fight … it's not a split decision. Usyk had a runaway victory, clearly won the fight and this judge Glenn Feldman gives it to Anthony Joshua. It's like a repeated crime here … I'm going to call it out in boxing because it's bullshit.
>
> Clearly, this guy is getting paid money by Matchroom Boxing. [And that's] a bold statement and accusation that I don't take lightly but it's just blatantly obvious and they're not even trying to hide it. You would think they'd get a different judge … to try and hide the corruption that they're bringing to this sport but it's just so blatantly obvious.

Indeed, because Paul's defamatory statements have caused, and continue to cause, significant financial and reputational harm to the Plaintiffs, and because the false statements were made with malicious intent, including the intent of harming Matchroom—a direct competitor of Paul and MVP––Plaintiffs are entitled to damages in connection therewith.

**Paul's Statement of the Case**

Without performing a choice of law analysis, and regardless of which state/territory law applies, plaintiff Hearn does not allege that the purportedly defamatory comments referred to *him* or that *he* was damaged. (Dkt. 6).  Instead, his Complaint repeatedly alleges that only his co-plaintiff *Matchroom* was the subject of the "accusations" and is entitled to damages. (*Id.* ¶¶ 6 – 7, 10 – 12, 19, 31 – 37, 58, - 59, 73). Hence, Hearn fails to state a claim for defamation. *See Gilman v. Spitzer*, 902 F. Supp.2d 389, 394 (S.D.N.Y. 2012)(dismissing defamation claim under New York law where challenged statement was not reasonably understood as being about plaintiff); *Caguas Satellite Corp. v. EchoStar Satellite LLC*, 824 F. Supp.2d 309, 315 n.5 (D. P.R. 2011)(individual plaintiff failed to state a defamation claim based upon dissemination about his company).

Moreover, Matchroom and proposed intervenor plaintiff Feldman acknowledge that they are limited-purpose public figures (Dkt. 6, ¶ 2; Dkt. 14-1, ¶ 2). Thus, they must plausibly allege that Paul acted with actual malice, whether under New York common law (*McDougal v. Fox News Network, LLC*, 489 F. Supp.3d 174, 185 (S.D.N.Y. 2020), New York's anti-SLAPP law (N.Y. Civ. Rights Law § 76-a(2)), or Puerto Rico common law. *Soc. De Gananciales v. El Vocero de P.R.*, 135 D.P.R. 122 (P.R. 1994).  However, the Complaints' nonconclusory allegations do not raise a plausible inference of actual malice.

In all events, Paul's statements are expressions of opinion or hyperbole, and thus cannot give rise to a defamation claim. *See Milkovich v. Lorain J. Co.*, 497 U.S. 1, 17 (1990); *Mann v. Abel*, 856 N.Y.S.2d 31 (2008); *Fazio v. James River Ins. Co.*, No. 22-1186, 2022 WL 6181469, at * 8 (D. P.R. Oct. 6, 2022).  Accordingly, both Complaints fail to state a claim.

**Contemplated Motions**

Currently, Proposed Plaintiff Feldman has filed a motion to intervene, which Paul does not oppose. In addition to Feldman's pending motion to intervene, Paul has requested a pre-motion conference to file a motion to dismiss for lack of personal jurisdiction and improper venue. The Parties also anticipate filing Summary Judgment motions at the close of discovery.

**Prospects of Settlement**

While both Parties are ultimately open to discussing a potential settlement in this case, the Parties have yet to engage in settlement discussions.

Dated: New York, New York
December 8, 2022

*Frank Salzano*
_____
Frank Salzano, Esq.
**SALZANO ETTINGER LAMPERT & WILSON, LLP**
275 Madison Avenue, 35th Floor
New York, New York 10016
Tel: (646) 863-1883
Fax: (646) 365-3119
fsalzano@selwlaw.com
*Attorneys for Plaintiffs*

DocuSigned by:
*kevin Fritz*
_____
BF620B0C241B450...
Kevin Fritz, Esq.
**MEISTER SEELIG & FEIN, LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Fax: (646) 564-4819
kaf@msf-law.com
*Attorney for Defendant*