

275 Madison Ave., 35th FL
New York, NY 10016
selwlaw.com
646.863.1883 P
646.365.3119 F

February 21, 2023

**VIA CM/ECF**
Honorable James L. Cott
United States District Court
500 Pearl Street
New York, NY 10007

      **Re:**      **Matchroom Boxing Limited, et al v. Jake Paul**
             **Case No. 1:22-cv-08178-PGG**

Your Honor:

     Our office is counsel to Plaintiffs Matchroom Boxing Limited ("Matchroom") and Edward John Hearn ("Hearn"), and Plaintiff-Intervenor Glenn Feldman ("Feldman") (collectively, the "Plaintiffs") in the above-referenced matter. This letter is being submitted pursuant to Rule II (B)(1) of Your Honor's Individual Practices, and in connection with the parties' ongoing discovery dispute regarding the scheduling of Defendant Jake Paul's ("Defendant" or "Paul") deposition.

     Simply put, Defendant has demonstrated an obstructionist approach to the ongoing jurisdictional discovery and refuses to participate in good faith. Notably, while Your Honor has ordered jurisdictional discovery to occur between February 3, 2023 and March 3, 2023, Defendant has offered Plaintiffs only a single date within that time frame that Defendant (Jake Paul) is available for his deposition—March 3, 2023. Conveniently, March 3rd is also the last day of jurisdictional discovery. While providing a single date for a deposition over the span of four (4) weeks is, standing alone, unreasonable, it is even more unreasonable considering that Your Honor ordered that Defendant is required to produce post-deposition discovery. Furthermore, Plaintiffs wholly anticipate that during Defendant's deposition testimony he will likely identify other third parties whose testimony will be directly relevant and necessary to the jurisdictional issues which Defendant has brought before this Court.

*******

     By way of procedural background, Your Honor held a discovery conference on February 3, 2023 and entered an Order extending the time for jurisdictional discovery by an additional thirty (30) days until March 3, 2023. *See* [Dkt. No. 29](Dkt. No. 29). Plaintiffs' counsel contacted Defendant's counsel via email on February 8, 2023, requesting that counsel propose deposition dates for the four (4) depositions previously contemplated and agreed-upon—including that of Defendant. In response, Defendant's counsel stated that he would provide Plaintiffs' counsel with proposed dates, and also sought to determine when Plaintiffs would be producing documents reflecting the economic and reputational harm suffered by Plaintiffs' in the state of New York, and within this judicial district, as a result of Defendant's defamatory statements, which Plaintiffs were required to produce per



the Court's Order. To date, Plaintiffs discovery reflecting economic and reputational harm has been produced to Defendant.

On Monday, February 13, 2023, Defendant's counsel first informed Plaintiffs' counsel that the only date Defendant is available for his deposition is the afternoon of March 3, 2023, which, as explained above, is the final day of jurisdictional discovery. After receiving Defendant's offer with regard to a single date, Plaintiffs' counsel immediately responded that March 3rd was simply not acceptable because deposing Defendant on the last day of jurisdictional discovery will provide Plaintiffs with no additional time to request relevant documents, or seek to depose other third parties identified during Defendant's deposition.

As a result of the foregoing, Plaintiffs' counsel did not provide Defendant with any dates for Plaintiffs' three (3) deponents, reserving its right to do so until such time that Your Honor ruled on the issue of Defendant providing a single, unreasonable date for Defendant's deposition. Furthermore, Plaintiffs' counsel requested a meet and confer with Defendant's counsel in hopes of resolving the issue. Kevin Fritz for the Defendant and Jason Lampert for the Plaintiffs engaged in a meet and confer at approximately 2:00 pm ET on February 17, 2023, which discussion lasted approximately fifteen (15) minutes. The issue was unable to be resolved and Defendant explained his intent to advise the Court as to Plaintiffs' refusal to cooperate with Your Honor's February 3, 2023 Order. Thus, the need for Plaintiffs to file this letter-motion arose.

Defense counsel's acts since the February 3, 2023 Order, as well as those prior thereto, are troubling for a variety of reasons, and reek of gamesmanship. To wit, during counsel's meet and confer on February 17, 2023—two weeks after the hearing and subsequent Order—defense counsel first raised the notion of extending the discovery deadline past March 3, 2023. In addition, and equally troubling, on Monday, February 20, 2023, defense counsel cited—for the first time— to Defendant's boxing match in Saudi Arabia, which is scheduled for February 26, 2023, claiming that the event was the cause of his unavailability. Why defense counsel failed to raise this impediment to the jurisdictional discovery deadline during the February 3, 2023 hearing— considering the fight had clearly already been scheduled at that time—constitutes bad faith gamesmanship, which has and continues to further delay this case.

Deposing Defendant on the last day of discovery, March 3, 2023, went from being unreasonable and impractical to being impossible as of this past Sunday, February 19, 2023, when the undersigned was made aware of a pressing business matter requiring that I travel to Asia from March 1, 2023 to March 5, 2023. Accordingly, this letter motion—while originally intended to be a motion to compel Defendant to appear for his deposition prior to the March 3, 2023 deadline— has instead morphed into a request that this Court extend the discovery deadline one, final time, and further, in the event this Court grants such request, also order that Defendant is required to provide Plaintiffs with more than a single day during the extended period of jurisdictional discovery on which he may be deposed.

Plantiffs' counsel does not see the need for motion briefing on this issue, and believes this discovery dispute can be ruled upon by letter submission.

2

Dated: New York, New York
February 21, 2023

**SALZANO ETTINGER LAMPERT & WILSON, LLP**

/s/Frank Salzano
Frank Salzano, Esq.
275 Madison Avenue, 35th Floor
New York, New York 10016
Tel: (646) 863-1883
Fax: (646) 365-3119
fsalzano@selwlaw.com
*Attorneys for Plaintiffs*

Cc: All Counsel of Record (via ECF)