UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

| | |
|---|---|
| MATCHROOM BOXING LIMITED and EDWARD JOHN HEARN, | : |
| | : |
| Plaintiffs, and | : |
| | : Case No. 22-cv-08178-PGG |
| GLENN FELDMAN, | : |
| | : **ANSWER TO COMPLAINT** |
| Plaintiff-Intervenor | : **AND COUNTERCLAIM** |
| | : |
| - against - | : **Jury Trial Demanded** |
| | : |
| JAKE PAUL, | : |
| | : |
| Defendant. | : |

---------------------------------------------------------------------------x

Defendant Jake Paul, by and through his undersigned counsel, answers the Complaint of plaintiffs Matchroom Boxing Limited ("Matchroom Boxing") and Edward John Hearn[1] and asserts various affirmative defenses as follows:

1.      Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Defendant denies the allegations in paragraph 2 of the Complaint.

3.      Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, excepts admits that he has earned substantial revenue as a social media influencer/personality, boxer, and boxing promoter, and admits that he has a substantial following on social media.

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Complaint.

---

[1] Matchroom Boxing, Edward John Hearn, and Glenn Feldman are collectively referred to herein as "Plaintiffs".

7.    Defendant denies the allegations in paragraph 7 of the Complaint and respectfully refers the Court to the interview for its true content.

8.    Defendant denies the allegations in paragraph 8 of the Complaint.

9.    Defendant denies the allegations in paragraph 9 of the Complaint.

10.    Defendant denies the allegations in paragraph 10 of the Complaint.

11.    Defendant denies the allegations in paragraph 11 of the Complaint.

12.    Defendant denies the allegations in paragraph 12 of the Complaint and respectfully refers the Court to the articles for their true content.

13.    Defendant denies the allegations in paragraph 13 of the Complaint.

14.    Defendant denies the allegations in paragraph 14 of the Complaint.

15.    Defendant denies the allegations in paragraph 15 of the Complaint.

16.    Defendant admits that Matchroom Boxing has filed a complaint containing a cause of action for defamation.

17.    Defendant admits that this action seeks damages in an amount in excess of the minimum jurisdictional limit of the Court.

18.    Defendant admits the allegations in paragraph 18 of the Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Complaint.

20.    Defendant denies the allegations in paragraph 20 of the Complaint.

21.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.    Defendant admits the allegations in paragraph 22 of the Complaint.

23.    Defendant admits the allegations in paragraph 23 of the Complaint.

24.    Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint and respectfully refers the Court to the article for its content.

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint and respectfully refers the Court to the interview for its true content.

34. Defendant denies the allegations in paragraph 34 of the Complaint and respectfully refers the Court to the interview for its true content.

35. Defendant denies the allegations in paragraph 35 of the Complaint and respectfully refers the Court to the interview for its true content.

36. Defendant denies the allegations in paragraph 36 of the Complaint and respectfully refers the Court to the interview for its true content.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant admits the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except admits that he has a substantial social media following.

41.     Defendant denies the allegations in paragraph 41 of the Complaint and respectfully refers the Court to the article for its content.

42.     Defendant denies the allegations in paragraph 42 of the Complaint and respectfully refers the Court to the article for its content.

43.     Defendant denies the allegations in paragraph 43 of the Complaint and respectfully refers the Court to the article for its content.

44.     Defendant denies the allegations in paragraph 44 of the Complaint and respectfully refers the Court to the article for its content.

45.     Defendant denies the allegations in paragraph 45 of the Complaint and respectfully refers the Court to the article for its content.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint, except admits that he is a boxer, a boxing promoter, and a co-founder of a boxing promotional company.

49.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

55.    Defendant denies the allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.

57.    Defendant repeats and realleges the responses contained in the foregoing paragraphs as if fully set forth herein.

58.    Defendant denies the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

60.    Defendant denies the allegations in paragraph 60 of the Complaint.

61.    Defendant denies the allegations in paragraph 61 of the Complaint.

62.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.    Defendant denies the allegations in paragraph 63 of the Complaint.

64.    Defendant denies the allegations in paragraph 64 of the Complaint.

65.    Defendant denies the allegations in paragraph 65 of the Complaint.

66.    Defendant denies the allegations in paragraph 66 of the Complaint.

67.    Defendant denies the allegations in paragraph 67 of the Complaint.

68.    Defendant denies the allegations in paragraph 68 of the Complaint.

69.    Defendant denies the allegations in paragraph 69 of the Complaint.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71 of the Complaint.

72.    Defendant denies the allegations in paragraph 72 of the Complaint.

73.    Defendant denies the allegations in paragraph 73 of the Complaint.

74.    Defendant denies the allegations in paragraph 74 of the Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Complaint.

### AFFIRMATIVE DEFENSES

Defendant asserts the following defenses.  Defendant does not admit to having the burden of proof and/or the burden of persuasion as to any of these defenses.  By designating the following as defenses, Defendant does not in any way waive or limit any defenses that are or may be raised by his denials, allegations, and averments set forth herein.  The defenses are pleaded in the alternative, are raised to preserve Defendant's right to assert such defenses and are raised without prejudice to Defendant's ability to raise other and further defenses.  Defendant reserves the right to amend, supplement, and/or modify this Answer, including without limitation the right to assert additional defenses that become known to it through discovery or otherwise.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

The defamation claim is barred because the challenged statements are true or substantially true.

### THIRD DEFENSE

Plaintiffs are public figures and cannot establish, by clear and convincing evidence, that Defendant acted with actual malice as to the publication of the challenged statements.

### FOURTH DEFENSE

The defamation claim is barred because, pursuant to New York Civil Rights Law § 76-a(2), this is an action involving public petition and participation, and Plaintiffs cannot establish,

6

by clear and convincing evidence, that Defendant acted with actual malice as to the publication of the challenged statements.

## FIFTH DEFENSE

The defamation claim is barred because the challenged statements were expressions of opinion, hyperbole, and/or humor.

## SIXTH DEFENSE

The defamation claim is barred by the qualified privilege because Defendant had a moral, legal or ethical duty to communicate the challenged statements, and his audience had a reciprocal interest in hearing the statements.

## SEVENTH DEFENSE

The defamation claim is barred by the libel-proof plaintiff doctrine because the challenged statements had minimal effect, if any, on Plaintiffs' already sullied reputations.  Plaintiffs' reputations related to the subject matter of the challenged statements are so tarnished that none of them can be further injured by the challenged statements.

## EIGHTH DEFENSE

The defamation claim is barred because no actual harm or damage was proximately caused by the challenged statements and any claimed damages are vague, uncertain, imaginary and/or speculative.

## NINTH DEFENSE

Plaintiffs failed to mitigate and/or prevent the damages about which they complain, and any recovery should be reduced in direct proportion to such failure.  In particular, immediately after Matchroom Boxing complained to Defendant about the challenged statements, Defendant arranged for the interview at issue to be removed from the platform on which it was published.

Nonetheless, Plaintiffs have engaged in a media campaign against Defendant wherein they arrange for the republication of the challenged statements through various outlets, thereby exacerbating and continuing any damage they have suffered.

## TENTH DEFENSE

The claim for punitive damages violates Defendant's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the New York Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages.

## ELEVENTH DEFENSE

The claim for punitive damages fails because the challenged statements were not made with common law malice and Defendant did not engage in any conduct that was malicious, wanton, reckless, or in willful disregard of the rights of any plaintiff.

## TWELFTH DEFENSE

Hearn's claim is barred because the allegedly defamatory statements are not "of and concerning" him and cannot reasonably be understood to be about him.

## THIRTEENTH DEFENSE

Matchroom Boxing is "doing business" in New York without authorization under N.Y. Bus. Corp. Law § 1301 and thus cannot maintain this action under N.Y. Bus. Corp. Law § 1312(a).

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, defendant Jake Paul, by and through his undersigned counsel, alleges as follows:

### Nature of the Action

1.     New York Civil Rights Law §§ 70-a *et seq.* was enacted to curb strategic lawsuits against public participation (or "SLAPPs") that seek to punish and chill the exercise of the rights of free speech on public issues by subjecting defendants to expensive and burdensome litigation.

2.     New York's anti-SLAPP protections apply to any action based on a "communication in a … public forum in connection with an issue of public interest" or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest in connection with an issue of public interest…"

3.     After Jake Paul made statements in a public forum concerning an issue of public interest, namely corruption in the boxing industry, Matchroom and its co-plaintiffs commenced this defamation action without a substantial basis in law or fact.

4.     Matchroom Boxing and its co-plaintiffs filed this action as an intimidation tactic to chill Jake Paul's freedom of speech and to silence other critics of the boxing industry, which is precisely the type of misconduct that the anti-SLAPP statute is intended to deter and remedy.

5.     Pursuant to New York's anti-SLAPP statute, and through his counterclaim against Matchroom and its co-plaintiffs, Jake Paul seeks reimbursement of his attorneys' fees, compensatory damages, and punitive damages designed to prevent Matchroom from further using expensive and time-consuming litigation to stifle the free speech of journalists, media organizations, and anyone else speaking on issues of public interest.

**Parties and Jurisdiction**

6.    According to its Complaint, plaintiff Matchroom Boxing is a private company organized and existing under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

7.    Matchroom Boxing alleges, in its Complaint, that it "is firmly established as the foremost fight promoter in the world."

8.    According to his Complaint, plaintiff Edward John Hearn is an individual who resides in Essex, England and is the chairman of "the Matchroom group of companies, a boxing promoter, sports executive, media personality, and award-winning author."

9.    According to his Complaint, plaintiff Glenn Feldman is an individual, resides in Connecticut, and is "a world-renowned boxing judge…."

10.    Jake Paul is a resident of Puerto Rico, a professional boxer, and a representative of non-party MVP Management LLC d/b/a Most Valuable Promotions ("MVP"), which is a boxing promotion company.

11.    In addition, Jake Paul regularly comments on matters of public interest, including the boxing industry, via his YouTube channel, social media platforms, and other public forums.

12.    The Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy is greater than the jurisdictional minimum (exclusive of interests and costs).

13.    The Court also has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. § 1367 because the Counterclaim is substantially related to the original claims herein.

14.    The Court has personal jurisdiction over Plaintiffs because they have already submitted to such jurisdiction by asserting their own claims herein.

10

**Factual Background**

15.     In April 2022, Feldman was one of three judges for the bout between Katie Taylor and Amanda Serrano in New York.

16.     Taylor won the fight by split decision, with two judges (including Feldman) awarding her the fight and one judge dissenting for Serrano.

17.     Matchroom Boxing was the promoter for Taylor.

18.     In August 2022, Feldman was one of three judges for the bout between Oleksandr Usyk and Anthony Joshua in Saudi Arabia.

19.     The two other judges scored the bout in *Usyk's favor* by margins of 116 – 112 and 115 – 113.

20.     Glenn Feldman scored the bout in *Joshua's favor*, 115 – 113.

21.     Matchroom Boxing was the promoter for Joshua.

22.     Various boxing commentators questioned whether Feldman's scoring of the Usyk-Joshua bout was legitimate.

23.     For instance, in an article published in *The Sporting News*, one author wrote: "Inexplicably, judge Glenn Feldman scored it Joshua 115-113, leading to a head-scratching split decision."[2]

24.     As another example, in a YouTube video entitled "Anatomy of a Fixed Fight (Again) – How Judge Tried to Rob Oleksandr Usyk in Anthony Joshua Rematch", which includes the headline "Teddy Atlas looks at the scorecard of boxing judge Glenn Feldman in the Oleksandr Usyk vs Anthony Joshua 2 fight, and gives a breakdown of how he tried to rob Oleksandr Usyk in

---

[2] Oleksandr Usyk vs. Anthony Joshua 2 results: Usyk dominates championship rounds to retain heavyweight titles | Sporting News

11

his dominant win over Anthony Joshua", the commentator called Feldman a "corrupt judge" and "crooked judge", stated that he tried to "fix a fight" and said "he's paid by someone else maybe…."[3]

25.     During a September 2022 interview with iFL TV, Jake Paul criticized Feldman's scoring of the Usyk-Joshua and Taylor-Serrano fights.

26.     During the same interview, Jake Paul also commented on his perception of the relationship between Feldman and Matchroom Boxing.

27.     After Matchroom Boxing complained to Jake Paul about his statements, and to appease Matchroom Boxing, Jake Paul promptly arranged for the interview to be removed from public view.

28.     Nonetheless, Hearn then publicly threatened to "teach" Jake Paul a lesson and claimed that his (Hearn's) only "two options" were to "chin" (punch) Jake Paul "or sue him."[4]

29.     Matchroom Boxing and Hearn then commenced this action (and Feldman later intervened as a co-plaintiff) to harass Jake Paul, to coerce him into retracting his statements, and to censor him from further public discussion of problems plaguing professional boxing.

30.     Hearn improperly commenced this action even though none of Jake Paul's statements mention him.

31.     Matchroom Boxing and Hearn ensured that their vexatious lawsuit was reported in the press, as evidenced by quotes in the articles from their counsel.[5]

---

[3] Anatomy of a Fixed Fight (Again) - How Judge Tried to Rob Oleksandr Usyk in Anthony Joshua Rematch (youtube.com)

[4] Eddie Hearn threatens Jake Paul with potential lawsuit over 'idiotic' fight fixing allegations - MMA Fighting

[5] *See, e.g.,* Jake Paul Sued by Eddie Hearn for $100M over Allegations of Fixed Boxing Matches | News, Scores, Highlights, Stats, and Rumors | Bleacher Report; Matchroom boxing promoter Eddie Hearn files $100M defamation suit against Jake Paul - ESPN

32. Even after getting the headlines they wanted, Plaintiffs continued this action to further harass Jake Paul and force him to abandon his statements regarding Matchroom Boxing and Feldman.

33. Plaintiffs' commencement and/or continuation of this defamation action without substantial basis in fact and law is further explained in the "Defenses" section herein.

**First Counterclaim**
**(Violation of N.Y. Civil Rights Law §§ 70-a *et seq.*)**

34. Defendant repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. The Complaints filed by Plaintiffs are based upon publicly made communications of Jake Paul involving an issue of public interest.

36. Corruption and other misconduct in professional boxing are issues of public interest.[6]

37. The questionable relationships between professional boxing judges, boxing promoters, and others in the industry have been discussed, debated, and criticized in public forums.

38. The public engages in widespread conversations about corruption in professional boxing, such as what acts constitute bribery and other misconduct.

39. Indeed, Matchroom Boxing once canceled a fight that it was promoting due to irregular betting patterns surrounding the bout.[7]

40. This action commenced by Plaintiffs against Jake Paul constitutes an "action involving public petition and participation" as defined by New York Civil Right Law § 76-a.

---

[6] *See, e.g., Is Boxing Corrupt? - Sidekick Boxing*

[7] Eddie Hearn Reveals Fight Cancellation Due To Betting Irregularities (boxing-social.com)

41.     Plaintiffs commenced and/or continued this action against Jake Paul without a substantial basis in fact and law.

42.     Plaintiffs' commencement and/or continuation of this action against Jake Paul could not be supported by a substantial argument for the extension, modification or reversal of existing law.

43.     Therefore, pursuant to New York Civil Rights Law § 70-a(1)(a), Jake Paul is entitled to the reimbursement of his costs and attorneys' fees.

44.     Plaintiffs commenced and/or continued this action against Jake Paul for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights.

45.     Therefore, pursuant to New York Civil Rights Law § 70-a(1)(b), Jake Paul is entitled to compensatory damages.

46.     Plaintiffs commenced and/or continued this action against Jake Paul for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights.

47.     Therefore, pursuant to New York Civil Rights Law § 70-a(1)(c), Jake Paul is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully demands judgment as follows:

A.      dismissing the Complaint with prejudice;

B.      on the Counterclaim for violation of New York Civil Rights Law §§ 70-a *et seq.*, awarding Defendant his costs and attorneys' fees for Plaintiffs' commencement and/or continuation of this action without a substantial basis in fact and law (and unsupported by a substantial argument for the extension, modification or reversal of existing law);

C.      on the Counterclaim for violation of New York Civil Rights Law §§ 70-a *et seq.*, awarding Defendant compensatory damages, in an amount to be determined at trial, for Plaintiffs' commencement and/or continuation of this action for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights;

D.      on the Counterclaim for violation of New York Civil Rights Law §§ 70-a *et seq.*, awarding Defendant punitive damages, in an amount to be determined at trial, for Plaintiffs' commencement and/or continuation of this action for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights;

E.      awarding Defendant his costs and disbursements incurred in this action; and

F.      granting Defendant such other and further relief as the Court deems just and proper.

15

Dated:   New York, NY
        October 15, 2024

MEISTER SEELIG & FEIN PLLC

 /s/ Mitchell Schuster

By:   Mitchell Schuster
      Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
Email: kaf@msf-law.com

16